

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MICHAEL A. HEREDIA,<br><br>            Debtor. | Case No.  2:10-16192-ER<br><br>Chapter 7<br><br>MEMORANDUM OF DECISION<br><br>Date:  April 19, 2010<br>Time:  10:00 a.m.<br>Place: Courtroom 1568<br>       255 E. Temple St.<br>       Los Angeles, CA 90012 |

On April 19, 2010, the Court held a hearing on Bank of America, N.A.'s ("Movant") Motion for Relief from the Automatic Stay (Unlawful Detainer) ("Motion") and Debtor's opposition thereto ("Opposition"). Appearances were as set forth on the record. Prior to the hearing, the Court issued a tentative ruling which granted the Motion in its entirety.

1  At the hearing, Debtor's counsel argued that the Movant is
2  the trustee of a pool trust and does not own the property at
3  issue.  Since the beneficiary actually owns the property, Debtor
4  asserted that Movant is not the proper party to seek relief from
5  stay. In response, Movant argued that it is not necessary to name
6  the beneficiary as a party and cited O'Flaherty v. Belgium, 115
7  Cal.App. 4th 1044 (2004) in support this contention.  Movant
8  asserted that the real party in interest is the trustee of the
9  trust. Based on the arguments, the Court ordered further briefing
10 on this issue and took this matter under submission.

11  In response, Movant submits the case of Pillsbury v.
12 Karmgard 22 Cal.App. 4th 743, 753 (1994) in support of its
13 contention that it, in its capacity as a trustee, is the real
14 party in interest in this proceeding.   Pillsbury provides:

> 'In general, the person who has the right to file suit
> under the substantive law is the real party in
> interest.  At common law, where a cause of action is
> prosecuted on behalf of an express trust, the trustee
> is the real party in interest because the trustee has
> legal title to the cause.  The corollary to this rule
> is that the beneficiary of a trust generally is not the
> real party in interest and may not sue in the name of
> the trust.  A trust beneficiary has no legal title or
> ownership interest in the trust assets; his or her
> right to sue is ordinarily limited to the enforcement
> of the trust, according to its terms.'

21 Id. (citations omitted).

22  The Debtor agrees "that the trustee of a trust is the real
23 party in interest and has standing to bring an action on behalf
24 of the trust."  Debtor's Opposition to Movant's Post Hearing
25 Brief in Support of Motion ("Debtor's Brief") at 2.  However,
26 Debtor argues that Movant did not pursue the underlying unlawful
27 detainer action or the Motion in its capacity as a trustee of a
28 trust.   "Instead, it brought both in its capacity as a corporate

1 | entity. . . . Accordingly, as [Movant] (corporation) lacks
2 | standing to bring an action on behalf of C-Bass trust, its motion
3 | for relief from stay must be denied." Debtor's Brief at 2-3.
4 |     Based on the further briefing, there is no dispute that a
5 | trustee of a trust is the proper party to bring actions on behalf
6 | of the trust, or that Movant is such a trustee.  Debtor is
7 | correct, however, that Movant did not pursue this Motion
8 | expressly in its capacity as a trustee of a trust.
9 | Notwithstanding, this error is not fatal, but is easily remedied
10 | by ensuring that the order on the Motion correctly reflects that
11 | relief is granted to Movant in its capacity as the trustee for
12 | the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-
13 | CB7.  Since there is no disagreement regarding Movant's capacity
14 | as trustee, the Court find it unnecessary that Movant should be
15 | required to amend the Motion to clarify its status as trustee or
16 | that this matter must be re-heard.
17 |     The Court clarifies that Movant's pursuit of this Motion and
18 | the underlying unlawful detainer action ("UD Action") are two
19 | separate proceedings.  The Court rules only with respect to the
20 | Motion and grants relief from stay to allow the UD Action to go
21 | forward.  If Debtor has challenges to Movant's standing to pursue
22 | the UD Action, he can raise them in the state court; this Court
23 | makes no ruling regarding this issue.
24 |     Based on the foregoing, the Motion is granted.  Movant shall
25 | upload an order granting relief from stay in its capacity as
26 | //
27 | //
28 | //

1 | trustee within ten days of the entry of this Memorandum of
2 | Decision.

4 | DATED:

May 13, 2010

_____
Ernest M. Robles
United States Bankruptcy Judge

**CERTIFICATE OF SERVICE**

I, _Gabriela Huerta_, hereby certify that on _May 13, 2010_, I sent by regular mail a true copy of the Memorandum of Decision on the parties at the addresses listed below:

Counsel for Debtor:
Cameron H Totten
Law Offices of Cameron H Totten
620 N Brand Blvd Ste 405
Glendale, CA 91203

Counsel for Movant:
Laurie Howell
The Endres Law Firm
A Professional Corporation
2121 2nd Street, Suite C105
Davis, CA 95618

_/s/ Gabriela Huerta_

-5-